UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Basic Water Company LLC, | Case No. 2:21-cv-01663-CDS-DJA |
| Plaintiff | |
| v. | Order |
| South West Enterprise Holdings, LLC | |
| Defendants. | |

This is a quiet title action pursuant to 28 U.S.C. § 2409(a) that was removed by the United States of America (U.S.) on September 9, 2021. ECF No. 1. Shortly after removal, the parties filed several motions that remain outstanding. They include the following:

(1) A motion to dismiss the third amended counterclaims filed by Counter Defendants Basic Management Inc., Basic Remediation Company LLC, Basic Water Company LLC, Basic Water Company SPE 1 LLC, The Landwell Company L.P, Plaintiff Basic Water Company SPE 1 LLC (ECF No. 4);
(2) A motion for partial summary judgment based on liability for trespass and nuisance filed by Counter Defendants Basic Management Inc., Basic Remediation Company LLC, Basic Water Company LLC, Basic Water Company SPE 1 LLC, The Landwell Company L.P, Plaintiff Basic Water Company SPE 1 LLC (ECF No. 5);
(3) A motion for partial summary judgment on South West Enterprise Holdings, LLC's counterclaim for slander of title, filed by Counter Defendants Basic Management Inc., Basic Remediation Company LLC, Basic Water Company LLC, Basic Water Company SPE 1 LLC, The Landwell Company L.P, Plaintiff Basic Water Company SPE 1 LLC (ECF No. 9);
(4) A motion to dismiss for lack of subject matter jurisdiction filed by the United States of America (ECF No. 19)[1];

---

[1] The Counter Defendants, Basic Management, Inc., *et al.*, filed a request that this Court take judicial notice of certain documents filed in the underlying state court case. ECF No. 22. It is well established that federal courts may take judicial notice of related state court orders and proceedings. *See Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating that an appellate court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those

      (5) A motion for leave to file supplemental opposition to the response to the U.S.'s motion to dismiss (ECF No. 37);
      (6) A motion for leave to file a supplement to Basic Water's motion for partial summary judgment on South West Enterprise Holdings, LLC's counterclaim for slander of title (ECF No. 46); and
      (7) A motion to strike the U.S.'s motion to dismiss for lack of subject matter jurisdiction (ECF No. 47).

This matter was administratively reassigned to me on May 17, 2022. ECF No. 54. Having reviewed and considered the pending motions, I have determined the Court can resolve the pending matters without a hearing. *See* Fed. R. Civ. P. 78. For the reasons set forth herein, the United States' motion to dismiss is granted.

### I. Background Information

To contextualize the pending motions in this case, the Court discusses prior federal action, and a related, later subsequently removed, state court action.[2] Both actions involve the same parties as the instant case.

For ease, and because it sets forth relevant information for resolution of this matter, this Court incorporates by reference the background information regarding Basic Water's pipeline that lies within the right-of-way to its predecessor-in-interest, under a decision issued by the United States on October 5, 1954. *See Basic Water Co., Inc. v. S.W. Enter. Holdings, LLC*, 2022 WL 489834, at *1 (D. Nev. Feb. 17, 2022).[3]

That right-of-way was part of another case in 2020 (hereinafter "the 2020 action"). United States District Judge James C. Mahan dismissed that action in 2021. With the history of the right-of-away incorporated as if fully set forth herein, the Court now describes the procedural history of the 2020 action.

---

proceedings have a direct relation to matters at issue"). Accordingly, that request is granted. Basic Water filed a motion to file supplemental authority to its opposition to the Government's Motion to Dismiss. ECF No. 37. That motion is also GRANTED.

[2] *Basic Water Company SPE 1 LLC v. Southwest Enterprise Holdings, LLC, et al.* Eighth Judicial District Court, Clark County, NV, Case No. A-20-812688-C.

[3] In that case, the Court initially issued an ordering granting the motion to dismiss on April 28, 2021. *See* 2:20-cv-01678-JCM-EJY at ECF No. 37. However, Basic Water filed a motion to amend (*id.* at ECF No. 39) which was granted, and an amended order was issued on February 17, 2022. *See id.* at ECF No. 44.

2

     *a. The Procedural History of the 2020 Case*

In September of 2020, Basic Water company filed a complaint seeking declaratory judgment regarding the same right-of-way at issue in this case. *See* 2:20-cv-01678-JCM-EJY at ECF No. 1. Basic Water named the United States, the Department of Interior (DOI), and the Bureau of Land Management (BLM) as Defendants alongside South West. *Id.* at ECF No. 7 ¶¶3–4, 25–28. Basic Water argued that South West could not invalidate its right-of-way (*id.* at ¶20), and further, because DOI recognized the right-of-way as valid and enforceable, that the United States had an interest in the action, making the U.S. a necessary party. *Id.* at ¶26. In support of their argument that the U.S. had an interest in the action, Basic Water argued that DOI has previously, and continues to, send Basic Water annual rental bills. *Id.*

On November 2, 2020, Defendant South West filed a motion to dismiss for lack of subject matter jurisdiction. *Id.* at ECF No. 6. Their motion to dismiss was denied as moot because Plaintiff Basic Water filed an amended complaint on November 10, 2020. *Id.* at ECF Nos. 7, 37, 44. Then, the United States filed a motion to dismiss the amended complaint, arguing sovereign immunity, on January 11, 2021. *Id.* at ECF No. 19. South West then filed a second motion to dismiss the amended complaint, again arguing lack of subject matter jurisdiction, on January 25, 2021. *Id.* at ECF No. 22.

Judge Mahan granted South West's motion to dismiss for lack of subject matter jurisdiction[4] finding first that the action did not arise out of the Quiet Title Act (QTA) because the complaint did not "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States" as required by the QTA. *See* 2:20-cv-01678-JCM-EJY, ECF No. 44 at 6-7 (citing *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999). Judge Mahan found that Basic Water did not plead a conflicting property interest in the right-of-way that would have been claimed by the United States; instead, Basic Water alleged that the

---

[4] Because South West's motion was granted, the U.S.'s motion to dismiss was denied as moot. *See* 2:20-cv-01678-JCM-EJY, ECF No. 44 at 8.

3

government did not provide Basic Water with notice that the United States no longer owns, controls, or manages the right-of-way. *Id.* at 6. Consequently, the QTA was inapplicable to the action, and it was determined to be a "private dispute" between Basic Water and South West rather than a dispute between the United States and Basic Water. *Id.* Basic Water advanced additional arguments in support of federal question jurisdiction but those were also found to be "unavailing." *Id.* at 7.

    b.   *Procedural History of this Case*

Before the 2020 action was filed in this District, there was an active state court action that was initiated in March of 2020. *See* Gov't Ex. A, ECF No. 10-1 (copy of state court case docket). In that matter, Basic Water sued requesting declaratory relief stating that South West violated the legal rights of Basic Water and for an injunction ordering South West to cease and desist from further conduct. *See* ECF No. 1-2 (original complaint in the state court case).[5] The United States was not named as a party in the Basic Water's complaint. *See id.*

South West counterclaimed against Basic Water and others for slander, quiet title, business disparagement, tortious interference with contract, trade libel, and civil conspiracy. ECF No. 4-4 at 4-13.

The parties filed numerous motions, including a November 2020 motion to dismiss for failure to join an indispensable party (and related relief) filed by Basic Water. *See* ECF No. 10-1 (state court case docket); ECF No. 22-3 (motion to dismiss for failure to join indispensable parties). The allegedly indispensable party was the United States (via BLM). ECF No. 22-3. South West opposed the motion, arguing that South West's owner was not disputing the right-of-way allegedly granted to Basic Water that lies over public BLM land. Instead, he contested the right-of-way that exists over his private property which sits on land that is *not* owned by the BLM. *See generally* ECF No. 22-4. That fact is uncontested by either party.

---

[5] The complaint brought additional causes of action and requested additional forms of relief.

On April 7, 2021, the state court orally pronounced that the United States was a necessary party to the action but denied Basic Water's motion to dismiss. Instead, the state court ordered South West to file an amended counterclaim naming the United States as a party. The Court's decision[6] was memorialized in an order filed on July 9, 2021. *See* July 9, 2021, Order, *Basic Water Company SPE 1 LLC, v. Southwest Enterprise Holdings, LLC, et al.* Eighth Judicial District Court, Clark County, NV, Case No. A-20-812688-C.

In its third amended answer to the complaint, South West also counterclaimed against the United States (the Department of Interior) for declaratory relief.[7] *See* ECF No. 4-1 at 4, 16-17. Specifically, South West's countercomplaint sought a declaration that the United States has no right and/or interest in the South West Property. *Id.* at 17, ¶129.

On September 9, 2021, the United States removed the action to federal court, and that removal initiated the present federal action. *See* ECF No. 1 (Petition for Removal). Approximately six weeks later, the United States filed a motion to dismiss themselves from the litigation. ECF No. 19. South West did not file an opposition. Basic Water filed an opposition on October 29, 2021. ECF No. 21. They also filed a request for judicial notice of several exhibits. ECF No. 22. Several motions were filed both before and after the Government's Motion to Dismiss. *See* ECF Nos. 4, 5, 9, 37, 46, and 47. The Court now resolves each of these motions as set forth herein.

---

[6] The decision also memorialized that the parties asked for reconsideration of the decision given Judge Mahan's determination that the federal court lacked subject matter jurisdiction. *See* July 9, 2021, Order, *Basic Water Company SPE 1, LLC v. Southwest Enterprise Holdings, LLC, et al.* Eighth Judicial District Court, Clark County, NV, Case No. A-20-812688-C, at ¶¶6-8. The Court entertained supplemental briefing and held a hearing to determine whether the April 7, 2021, ruling should be reconsidered. The Court declined to reconsider its order. *See id.* at ¶11.

[7] United States was not named as a party in South West's second amended answer to the complaint and counterclaim. *See* ECF No. 4-2.

## II. Legal Standard

### a. Subject Matter Jurisdiction

Congress granted federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has held that "Congress has given the lower federal courts jurisdiction to hear … only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). A federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss (or remand) a case when subject matter jurisdiction is lacking. *Id.*

In general, a civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed and any doubt as to the appropriateness of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.*

### b. Sovereign Immunity

The United States of America has sovereign immunity unless it has been waived. *Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Thus, the sovereign immunity of the United States implicates the Court's subject matter jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction."); *see also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim."). A Rule 12(b)(1) Motion is a proper vehicle for raising the issue of the United States' sovereign immunity. *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013). If the U.S. has not consented to be sue, or stated otherwise, waived its immunity, a court lacks subject matter jurisdiction over an action where the U.S. is named as a party. *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d at 1173. A waiver of sovereign immunity by the United States must be expressed unequivocally. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). As a general matter, purported statutory waivers of sovereign immunity are not to be liberally construed. *Id.* at 34. Thus, "[w]hen the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986); *see also Blue Fox*, 525 U.S. at 261 ("a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.").

    c.   *The Quiet Title Act*

The Quiet Title Act (QTA) is the exclusive means by which adverse claimants can challenge the United States' title to real property. Under the QTA, a plaintiff suing is required to state "the nature of the right ... or interest" that is asserted in the property at issue. *See* 28 U.S.C § 2409a(d). If the United States has an interest in disputed property, the waiver of sovereign immunity must be found, if at all, within the Quiet Title Act. *Alaska v. Babbitt*, 38 F.3d 1068, 1073 (9th Cir. 1994).

28 U.S.C. § 1346(f) provides that "[t]he district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 2409a provides in pertinent part:

> (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest ....
> * * *
> (d) The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.

28 U.S.C. § 2409a. Both conditions must be met for a district court to exercise jurisdiction over an action under the QTA. If both conditions are not met, the district court does not have jurisdiction over a QTA claim. *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999).

### III.   Analysis

The Court must determine if the United States has waived its sovereign immunity because "[a] court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.").

   *a.   The United States' Sovereign Immunity*

Plaintiff carries the burden to find and prove an explicit waiver of sovereign immunity. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (holding that because a plaintiff is the party seeking relief, "it follows that he must carry throughout the litigation the burden of showing that he is properly in court"). Here, South West did not file an opposition to the U.S.'s motion to

dismiss. Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities constitutes a consent to the granting of the motion. Consequently, South West has not met their burden of demonstrating that they are properly in Federal Court.

A plain review of South West's third amended counterclaim (ECF Nos. 4-1; 22-9) reveals it does not include a waiver of the Government's sovereign immunity. Moreover, the third amended counterclaim specifically states that "South West's does not believe that the United States has any right and/or interest adverse to South West with respect to the South West Property (including to the [right of way])." *See id.* at ¶129.

While South West did not file an opposition to the Government's motion to dismiss, Basic Water did. But missing from Basic Water's argument is the same fatal flaw as South West's counterclaim: Basic Water cannot establish that the U.S. has waived sovereign immunity. *See generally* ECF No. 21. Basic Water contends that the U.S. waived its sovereign immunity because it filed a notice of removal citing the Quiet Title Act.[8] Basic Water appears to conflate the issues of sovereign immunity and subject matter jurisdiction which present two distinct issues. *See, e.g., United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 923 (9th Cir. 2009) (citing cases conflating the two issues).

The Government's notice of removal cited the Quiet Title Act for purposes of establishing subject matter jurisdiction, ECF No. 1, but that reference does not constitute, as required by law, an express and unequivocal waiver of its sovereign immunity. "A waiver of sovereign immunity means the United States is amenable to suit in a court properly possessing jurisdiction; it does not guarantee a forum." *Park Place Assocs., Ltd.*, 563 F.3d at 923. "Conversely, the mere existence of a forum does not waive sovereign immunity." *Id.* at 924. "A statute may create subject matter jurisdiction yet not waive sovereign immunity." *Id.*; *see also Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (citing with approval the explanation in *Park Place*

---

[8] Because Basic's arguments are unconvincing, and because resolving jurisdiction is required by this Court, I also denied Basic Water's Motion to Strike the U.S.' Motion to Dismiss (ECF No. 47).

*Associates Ltd.* of the "relationship between sovereign immunity and subject matter jurisdiction"); *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1015–16 (9th Cir. 2016) (a tribe's exercise of its right to remove a case to federal court, standing alone, does not affect the tribe's waiver of its immunity from suit); *Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1266 (D. Haw. 2000) (citing *Office of Hawaiian Affairs v. Dep't of Educ.*, 951 F. Supp. 2d 1484, 1491–92 (D. Haw. 1996) (stating that Defendants' removal to federal court does not in itself establish such an unequivocal waiver). The record in the present case is devoid of the Government's sovereign immunity waiver. Consequently, Basic Water as failed to meet their burden, and the Court therefore is without subject matter jurisdiction over this case. The United States' motion to dismiss under Rule 12(b)(1) arguing that it did not waive its sovereign immunity is granted.

       *b. The Quiet Title Act is Inapplicable to This Action*

While the Court could cease its analysis of this case because the Government did not waive its sovereign immunity, it nonetheless addresses how this Court also lacks subject matter jurisdiction based on the inapplicable Quiet Title Act so that it may resolve what is obviously an ongoing dispute, that is, whether the United States has an asserted interest in the property at issue in this litigation.

The Quiet Title Act is inapplicable to this action. A complaint asserting a Quiet Title Act claim must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). The "disputed title" requirement is "read narrowly", meaning that "the United States must have adopted a position **in conflict** with a third party regarding…title." *Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014) (emphasis added).

The United States has affirmatively stated that they have no dispute with the title to the parcel at issue in this action, and again, like the 2020 action, asserts that the dispute exists purely between Basic Water and South West. *See* ECF No. 19 at 7-8. Stated, otherwise, the United States has not and does not adopt a position in conflict with a third party. The United States' position that they are not disputing title or have an interest in this action is consistent with the pleadings.

South West's third amended counterclaims do not set forth, with particularity, the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States as required by the QTA. *See generally* ECF No. 22-9. In fact, paragraph 129 specifically states that "South West's does not believe that the United States has any right and/or interest adverse to South West with respect to the South West Property (including to the [right of way])." *Id.* at 17, ¶129.

Basic Water's complaint sets forth four claims for relief: (1) trespass; (2) nuisance; (3) negligence; and (4) a request for declaratory relief. None of these generally causes of action relate to or identify the government's *interest in the title to the property* at issue. *See generally* ECF No. 1-2. In fact, Paragraph 7 of Plaintiff's complaint states that Basic Water recently discovered that the Defendant's operations were adversely impacting **a neighboring property**, *id.* at ¶7, not the South West Property (which is referenced in the preceding paragraph).[9] Basic Water's complaint also fails to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." Thus, Basic Water's action does not meet the QTA's requirement that title "be disputed."

---

[9] The neighboring property is referenced again in the third cause of action. *See* ECF No. 1-2 at ¶20 ("Defendants breached the duty of care by engaging in various operations that caused adverse impact to the BWC Parcel, a neighboring property to the South West property.").

        Given the lack of particularity regarding Basic Water's claim regarding the right-of-way and *how* or *what* about Basic Water's and the Government's interests are in conflict (adverse to each other), it is understandable that the state court found that the BLM and/or the United States might have some interest. Basic Water's argument in support of its motion to join an indispensable party was inaccurate. Basic Water argued "federal subject matter jurisdiction exists because South West is seeking to void, terminate, extinguish, and/or revoke the Right of Way." ECF No. 21 at 10. South West's Third Amended Counterclaim is not seeking to void the right-of-way; rather it is asserts that "BWC and/or the BMI Companies have no right and/or interest in or to the South West property. In addition, South West claims that the ROW [right-of-way] **across** the South West Property granted under the certain document entitled, 'Decision, Right-of-Way Nevada 011112' is void, terminated, extinguished, and/or revoked." *See* ECF No. 22-3 at 7. The claim concerns going *over* or *across* the property; not under it.[10] In its opposition to the motion to dismiss for failure to join an indispensable party, South West clearly stated they are "disputing the right-of-way (purportedly granted to BWC) over public BLM land, but only the right-of-way that exists over Mr. Yakubik's[11] private property—land that indisputably is not owned by the BLM. **Mr. Yakubik is not seeking any determination with respect to any BLM land.**" ECF No. 22-4 at 6 (emphasis added); *see also id.* at 8 ("Mr. Yakubik is not trying to quiet title to any property interests held by the BLM. The mere fact that the land was originally owned by the BLM or that the BLM originally granted a right-of-way over certain public land to a party twice removed from [Basic Water] does not implicate the BLM's interest because the land at issue is no longer owned by the BLM, and in fact, hasn't been owned by the BLM for decades. Mr. Yakubik is not trying to invalidate the right-of-way over BLM publicly-owned land, but only over the land that he privately owns" and "Mr. Yakubik is not trying to quiet title

---

[10] *See* ECF No. 22-4 at 7 (discussing the history and use of underground pipelines that run **under** what is now South West's private property).

[11] Mr. Yakubik is the sole owner of South West. *See* Defendant's Third Amended Answer to Complaint, ECF No. 4-1 at 4.

12

to any property interest held by the BLM and certainly has not asserted any claims against the United States under the Quiet Title Act"). It is unclear to this Court why Basic Water insists that the United States is a necessary party to prove South West's assertion is incorrect, when South West is not disputing the right-of-way over BLM land.

Basic Water's arguments do not demonstrate that there is a dispute between them and the United States. The evidence before this court demonstrates that there is a dispute between South West, who says its right-of-way is void, terminated, extinguished, or revoked, and Basic Water who disagrees with that position. Stated otherwise, it is described by the Government, and adopted by Judge Mahan, as a "private dispute" between Basic Water and South West.[12] A dispute between plaintiff and some third party claiming an interest for itself does not fall under the [QTA] statute. *Leisnoi, Inc.*, 170 F.3d at 1192.

Basic Water's second argument, that their payment to the U.S. Government for use of the right-of-way demonstrates the United States has an interest in this litigation (ECF No. 21 at 8-9), again fails.[13] The motion argued that "South West's claim is akin to a third party suing a tenant to invalidate a lease without involving the landlord." ECF No. 21 at 8-9. It is uncontested that the United States bills Basic Water for use of the right-of-way. Basic Water pays the bills and seemingly *benefits* from the relationship with the United States. As a result, Basic Water fails to assert or identify a dispute or conflict between themselves and the United States to raise a valid claim under the Quiet Title Act. Accordingly, the Quiet Title Act is inapplicable to this case.

    c.   *South West's Request for Declaratory Judgment Does Not Confer Jurisdiction*

The third counterclaim includes a request for declaratory relief. "A claim under the Declaratory Judgment Act may not be used as an end run around the QTA's limited waiver of sovereign immunity." *Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 586 (9th Cir. 2016)

---

[12] *Basic Water Co., Inc. v. S.W. Enter. Holdings, LLC*, 2022 WL 489834, at *2 (D. Nev. Feb. 17, 2022)

[13] Basic Water made the same, unsuccessful arguments in the 2020 action. *Id.* at *4.

13

(citing *McMaster v. United States*, 731 F.3d 881, 900 (9th Cir. 2013)). It is well-established that the Declaratory Judgment Act is procedural only. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014) (agreeing that the Declaratory Judgment Act does not "extend" the "jurisdiction" of the federal courts); *West Publ'g Co. v. McColgan*, 138 F.2d 320, 324 (9th Cir. 1943) ("The Federal Declaratory Judgment Act was not a jurisdiction-conferring statute, but an act to establish a new procedure in the federal courts…. 'Thus, the operation of the Declaratory Judgment Act is procedural only.'") (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)); *Geni–Chlor Int'l, Inc. v. Multisonics Dev. Corp.*, 580 F.2d 981, 984 (9th Cir. 1978). Basic Water's argument that the motion to dismiss should be denied because South West's Third Amended Counterclaim seeks declaratory relief is unavailing.

IV.     **Conclusion**

The United States has not waived its sovereign immunity and the Quiet Title Act is inapplicable to this action. The Government's motion to dismiss is granted and they are dismissed as a party from this action. [14]

Consequently, this Court lacks subject matter jurisdiction and this cause is remanded to the Eighth Judicial District Court, Clark County, Nevada.

IT IS HEREBY ORDERED that the motion to dismiss filed by the United States of America (ECF No. 19) is hereby GRANTED.

IT IS HEREBY FURTHER ORDERED that Basic Water's motion to strike the United States' motion to dismiss (ECF No. 47) is DENIED.

IT IS HEREBY FURTHER ORDERED that Basic Water's motion to dismiss the third amended counterclaim (ECF No. 4) is DENIED AS MOOT.

---

[14] The Court notes that Basic Water argued in its opposition to the Government's motion to dismiss that this case should not be dismissed. ECF No. 21 at 10. This Court agrees, but also notes that the United States did not seek dismissal of the entire action. The U.S. only sought to be dismissed as a party. *See* ECF No. 19 at 8 ("Counter Claimant fails to demonstrate that the United States has consented to be sued in this action or that the Quiet Title Act should apply and the Court should, therefore, dismiss the United States from it.").

IT IS HEREBY FURTHER ORDERED that Basic Water's motion for partial summary judgment (ECF No. 5) is DENIED AS MOOT.

IT IS HEREBY FURTHER ORDERED that Basic Management's motion for partial summary judgment (ECF No. 9) is DENIED AS MOOT.

IT IS HEREBY FURTHER ORDERED that Basic Water's motion to file supplemental authority to its opposition to the Government's Motion to Dismiss (ECF No. 37) is GRANTED.

IT IS HEREBY FURTHER ORDERED that Basic Water's motion for leave to file a supplemental to its motion for partial summary judgment (ECF No. 46) is DENIED AS MOOT.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this July 15, 2022

_____
Cristina D. Silva
United States District Judge